## LEVI BARDEN, Plaintiff in Error.

*vs.*

## THOMAS L. SMITH, Defendant in Error.

#### ERROR TO DODGE CIRCUIT COURT.

A person in possession of selected swamp land under a claim of pre-emption, on which he has made improvements, may maintain trespass for injury thereto.

It is error to nonsuit the plaintiff, when evidence has been given on his behalf sufficient to justify a verdict in his favor.

Under a notice of *liberum tenementum,* the defendant may introduce proof of his title, which will compel the plaintiff to prove by testimony, facts which i f pleaded, would be equivalent to a new assignment. had the defendant pleaded *liberum tenementum.*

This was an action of trespass *quase clausum fregit,* commenced before a justice of the peace of Dodge county. The declaration was in the usual form. Plea, general issue, with notice of *liberum tenementum,* and notice bringing the title of the land in question, whereupon the case was removed to the circuit court of said county, and was tried at the April term, 1856.

On the trial, the plaintiff proved that the land, (the S. E. quarter of the N. W. quarter of section 17,) had been duly selected as swamp land; that he was in the possession and occupancy thereof under a pre-emption claim ; that he had made sundry improvements thereon : That the defendant had cut, or caused to be cut, a ditch through a portion of the tract in question. The only point of dispute is whether the plaintiff offered sufficient proof to go to the jury, to establish the fact that the ditch was cut on any part of the premises in question.

One witness testified that he was aquainted with the prem-

ises, that he measured with a pole and ascertained the ditch to be on the premises. He had no compass. The ditch is 80 rods long on this land. Another witness testified that he knew the premises, and that the ditch was on the premises. Another witness testified that he carried the chain when measuring the land, and stuck the stakes as the surveyor directed him, and from these stakes the ditch is on the plaintiff's land. The ditch cuts off a strip of the land.

After other evidence as to the damage to the land, the plaintiff rested, when the defendant moved the court to nonsuit the plaintiff on the ground that there was not sufficient evidence that the ditch was on the premises mentioned in the plaintiff's declaration; which motion was sustained by the court, and the defendant had judgment accordingly, to reverse which, the plaintiff sued out this writ of error.

*Billinghurst and Lewis,* for the plaintiff in error.

*Smith and Keyes,* for defendant in error.

*By the Court,* SMITH, J. After the plaintiff had closed his evidence on the trial, in the court below, the defendant moved for a nonsuit, which was granted, on the ground that there was not sufficient evidence that the ditch (the cutting of which in the *locus in quo* was the tresspass complained of was cut on the land mentioned and set forth in the plaintiff's declaration.

The court below was doubtless in error in non-suiting the plaintiff for this reason. Although the surveys were not made with mathematical accuracy, yet the evidence that the ditch was cut on the land of the plaintiff, or land in his possession under a title which authorized the bringing of the action of trespass for its protection, and for injuries done to

the premises, was sufficient to justify a verdict. The proofs were sufficient to establish the *locus in quo*, in the absence of counter proof. Under the notice of *liberum tenementum*, the defendant might have introduced proof on his behalf which would have compelled the plaintiff to prove by testimony what would be equivalent to a new assignment, had the defendant pleaded *liberum tenementum*. Nothing of this kind was attempted, and the evidence of the plaintiff of a breach of his close, or in other words, of the *locus in quo*, was sufficient to put the defendant upon his defence.

Judgment reversed with costs and cause remanded.